UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALI BAZZI, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    No. 4:08-CV-2034 (CEJ) |
| | ) |
| COVIDIEN, INC., | ) |
| | ) |
|     Defendant. | ) |

## **MEMORANDUM & ORDER**

This matter is before the Court on plaintiff's motion to remand this matter for lack of subject matter jurisdiction. Defendant opposes the motion and the issues are fully briefed.

Plaintiff Ali Bazzi filed this action against defendant Covidien, Inc. on November 14, 2008, in the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis). Plaintiff alleged that he was wrongfully discharged for reporting violations of the Food and Drug Act. Although plaintiff named Covidien as the defendant, the answer was filed by Tyco Healthcare Group. Tyco claims that it, and not Covidien, was plaintiff's employer. Plaintiff appears to accept Tyco's assertion that it is the proper defendant. Therefore, the Court will treat Tyco as the defendant.[1]

The action was removed to this Court, on the basis of diversity of citizenship jurisdiction. Plaintiff moves to remand the action to the state court, arguing that defendant

---

[1] The jurisdictional analysis is the same regardless of whether Covidien or Tyco is the proper defendant, because both companies are Delaware corporations and plaintiff is a citizen of Missouri. Thus, there is complete diversity of citizenship with either defendant. However, plaintiff needs to determine which company was his employer, and should take the proper steps to name that company as the defendant.

has failed to establish that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332 (a) (1).

Plaintiff's employment was terminated on November 1, 2007. Plaintiff claims he has suffered and continues to suffer lost income and emotional distress from defendant's wrongdoing. According to an affidavit submitted by Tyco's human resource manager, plaintiff's annual salary at the time of his discharge was $118,013.41, exclusive of bonuses. Because more than one year has elapsed since his employment was terminated, plaintiff has a potential claim for lost wages of more than $118,013.41. Thus, the amount in controversy requirement for diversity jurisdiction is satisfied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion [#8] to remand is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of March, 2009.