UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ALI BAZZI, )
 )
    Plaintiff, )
 )
  vs. ) No. 4:08-CV-2034 (CEJ)
 )
TYCO HEALTHCARE GROUP, LP, )
 )
    Defendant. )

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant's bill of costs. Plaintiff filed an objection, contending that some of the costs requested by defendant are not taxable. The issues are fully briefed.

A prevailing party is ordinarily entitled to its costs. See Fed. R. Civ. P. 54(d)(1). Costs that are taxable include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. See 28 U.S.C. § 1920(1)-(6).

Judgment on the complaint was entered on April 1, 2010 in favor of defendant. Therefore, it is clear that defendant is a "prevailing party" entitled to recover its costs.[1] Defendant subsequently filed a bill of costs, requesting that the Court tax costs against plaintiff in the amount of $2,437.51.

---

[1]Plaintiff suggests that defendant's costs be reduced by 50% because defendant enjoyed only "limited success" in this action. Plaintiff notes that defendant's motion to strike was only partially granted and its motion for sanctions was denied. Plaintiff's argument is without merit. It is not necessary for a party to win every motion in order to be deemed a prevailing party for purposes of Fed. R. Civ. P. 54(d).

Plaintiff objects to the amount requested by defendant for several reasons. First, plaintiff claims that defendant cannot recover the cost of a videographer used at a deposition. The cost of the videographer's attendance and services at the video deposition was $810.00. The Court finds that this cost is taxable under § 1920, which allows costs for "printed *or electronically recorded* transcripts." See 28 U.S.C. § 1920(2)(emphasis added). Plaintiff also contends that the cost of the transcripts obtained by defendant through Midwest Litigation Services should be reduced by half, because plaintiff obtained both an original and a copy of the transcript. Plaintiff contends that purchasing a copy of the transcript was unnecessary. A letter from Midwest Litigation Services verifies that the copy of the transcript was provided free of charge as part of its standard package. Therefore, the cost of the original transcript was the same whether or not defendant had received the copy. Plaintiff's objections in this regard are overruled and defendant is entitled to deposition costs totaling $2,292.50.

Next, plaintiff objects to copying costs in the amount of $95.01. Plaintiff claims that the copies were not "necessarily obtained for use in the case." Additionally, plaintiff contends that $25.00 of plaintiff's copying costs is actually attributable to a fee charged by a courier to file a pleading. The cost of making copies is taxable against plaintiff only if the copies were "necessarily obtained for use in the case". Thirty and 141, LP v. Lowe's Home Centers, Inc., 2008 WL 1995344 at *1 (E.D. Mo. 2008). The documentation attached to defendant's bill of costs is sufficient to show that the copies were necessary for use in this case. Copies were made of the state court file, which was required to be attached by defendant to its notice of removal. Copies were also made of plaintiff's medical records, which plaintiff was questioned about during his

deposition. The cost incurred in making these copies, totaling $70.01, is taxable under § 1920.

However, the Court agrees that the $25.00 charge from Master File Document Support Services, to file a document in court, is not taxable under § 1920. See Hollenbeck v. Falstaff Brewing Corp., 605 F.Supp. 421, 439 (E.D. Mo. 1984)(local delivery services are out-of-pocket expenses and are not "costs" under § 1920); Peasel v. Trans States Airlines, Inc., 2008 WL 2039272 at *2 (E.D. Mo. 2008). This $25.00 charge will not be taxed to plaintiff.

Plaintiff's next objection relates to the $50.00 charge incurred through defendant's use of a private process server. The Eighth Circuit has held that the cost of a private process server is not taxable under § 1920. See Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir. 1985). Defendant acknowledges the Crues holding, but contends that private process server fees should be taxable under § 1920, so long as they do not exceed what the marshal would have charged for service. Defendant cites to various decisions for other circuits which have held that, even though private process service fees are not specifically enumerated under § 1920, they are nonetheless taxable to the same extent as fees paid to the U.S. Marshal for service of process. Whether or not private process server fees *should* be taxable under § 1920, this Court is bound by Eighth Circuit precedent stating that they are not. See Crues, 768 F.2d at 234. Thus, the $50.00 private process server charge will not be taxed to plaintiff.

Based on all of the above, the Court finds that all of the costs requested by defendant are taxable except for the $25.00 charge for courier services and the $50.00 charge for private process services. Therefore, the Court will tax costs in the following amounts:

Deposition costs: $2,292.50
Copying costs: $   70.01

Total: $2,362.51

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff shall pay costs to the defendant in the sum of $2,362.51.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of May, 2010.